**Nos. 2024-2030, 2024-2031, 2024-2032, 2024-2033,
2024-2035, 2024-2036, 2024-2037, 2024-2038**

# United States Court of Appeals for the Federal Circuit

**FRANZ A WAKEFIELD, dba CoolTVNetwork.com, Inc.,**

*Plaintiff-Appellant,*

*v.*

**BLACKBOARD INC., META PLATFORMS, INC., *fka* Facebook, Inc., INTERNATIONAL BUSINESS MACHINES CORPORATION, KALTURA, INC., MICROSOFT CORPORATION, OOYALA, INC., SNAP INC., TRAPELO CORP.,**

*Defendants-Appellees.*

Appeals from the U.S. District Court for the District of Delaware
in Nos. 1:19-cv-00291-JLH, 1:19-cv-00292-JLH, 1:19-cv-00293-JLH,
1:19-cv-00294-JLH, 1:19-cv-00296-JLH, 1:19-cv-00297-JLH,
1:19-cv-00534-JLH, and 1:19-cv-00535-JLH, Judge Jennifer L. Hall

## BRIEF FOR APPELLEES

Heidi L. Keefe
Mark R. Weinstein
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
650-843-5000
hkeefe@cooley.com
mweinstein@cooley.com

Phillip E. Morton
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
202-842-7800
pmorton@cooley.com

*Attorneys for Appellee Meta Platforms, Inc.*
*(additional counsel listed on inside cover)*

*(Additional counsel for Appellees):*

Michael S. Nadel
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000
mnadel@nwe.com

*Attorneys for Appellee Blackboard Inc.*

Bryan S. Hales
Kirkland & Ellis LLP
300 N. LaSalle
Chicago, IL 60654
312-862-2000
bryan.hales@kirkland.com

*Attorneys for Appellee International Business Machines Corp.*

Seth W. Lloyd
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, DC 20037
SLloyd@mofo.com

Kyle W.K. Mooney
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
KMooney@mofo.com

*Attorneys for Appellee Kaltura, Inc.*

John D. Vandenberg
Joseph T. Jakubek
Klarquist Sparkman, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204-2988
(503) 595-5300
john.vandenberg@klarquist.com
joseph.jakubek@klarquist.com

*Attorneys for Appellee Microsoft Corp.*

Richard G. Frenkel
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600
rfrenkel@lw.com

*Attorneys for Appellee Ooyala, Inc*

Heidi L. Keefe
Reuben H. Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000
hkeefe@cooley.com
rchen@cooley.com

*Attorneys for Appellee Snap Inc.*

Ricardo J. Bonilla
Neil McNabnay
Lance E. Wyatt
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
214-747-5070
rbonilla@fr.com
mcnabnay@fr.com
wyatt@fr.com

*Attorneys for Appellee Trapelo Corp.*

# PATENT CLAIMS AT-ISSUE IN THIS APPEAL

## U.S. Patent No. 7,162,696 (Claims 1 & 15):[1]

1. A Multifunctional Hot Spot apparatus comprising:

at least one hot spot defined by a communication with instructions stored on a tangible retaining medium;

at least one of the hot spots being accessible from a globally accessible network;

means for performing at least one of a plurality of predetermined functions executed with the selection of each particular hot spot;

wherein said hot spots reside on and are accessible from a digital video or audio file;

wherein said predetermined functions are selected from a mode control;

wherein the mode control comprises a plurality of modes;

wherein the plurality of modes comprise a shop mode, a bid mode, an interact mode, an entertainment mode, and a link mode;

wherein a specific mode is selected by a user through an expandable graphical user interface bar;

wherein said specific mode further toggles based on time stamps in said digital video or digital audio file;

wherein said hot spots are visualized by outlines, shading, or illumination or a combination of each, at a predetermined area on the display;

wherein said Multifunctional Hot Spot apparatus is made to reside on and is executing on a computing system;

---

[1] Appellees provide a listing of allegedly at-issue claims of the ’696 patent in accordance with Federal Circuit Rule 32(a)(3), tracking the identification in Appellant’s opening brief. Appellees do not concede that the present appeal properly raises any substantive issues pertaining to the ’696 patent.

means, defined by said instructions, for selecting and activating at least one of said predetermined functions by clicking on each particular Multifunctional Hot Spot.

15. A tangible computer readable storage medium having computer readable program code portions stored therein, such that, when executed in a computer causes the computer to perform the steps of:

defining at least one hot spot by a communication with instructions stored on a tangible retaining medium;

accessing at least one of the hot spots from a globally accessible network;

performing at least one of a plurality of predetermined functions executed with the selection of each particular hot spot;

wherein said hot spots reside on and are accessible from a digital video or audio file;

wherein said predetermined functions are selected from a mode control;

wherein the mode control comprises a plurality of modes;

wherein the plurality of modes comprise a shop mode, a bid mode, an interact mode, an entertainment mode, and a link mode;

wherein a specific mode is selected by a user through an expandable graphical user interface bar;

wherein said specific mode further toggles based on time stamps in said digital video or digital audio file;

wherein said hot spots are visualized by outlines, shading, or illumination or a combination of each, at a predetermined area on the display;

wherein said Multifunctional Hot Spot apparatus is made to reside on and is executing on a computing system;

selecting and activating at least one of said predetermined functions by clicking on each particular Multifunctional Hot Spot.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030, 24-2031, 24-2032, 24-2033, 24-2035, 24-2036, 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard Inc.

**Filing Party/Entity** Appellee-Defendant Blackboard Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: s/ Michael S. Nadel

Name: Michael S. Nadel

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☐ None/Not Applicable |
| Blackboard Inc. | | Astra Intermediate Holding Corp. |
| | | Astra Topco Holdings Corp. |
| | | Blackboard Holdings, Inc. |
| | | Blackboard Super Holds, Inc. |
| | | Astra Acquisition Corp. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| McDermott Will & Emery LLP | Michael S. Nadel | Charles M. McMahon |
| Ethan Townsend | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030,24-2031,24-2032, 24-2033, 24-2035, 24-2036 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc.

**Filing Party/Entity** Appellee-Defendant International Business Machine Corp.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: /s/ Bryan S. Hales

Name: Bryan S. Hales

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| International Business Machines Corp. | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| David Ellis Moore<br>Potter Anderson & Corroon LLP | Alan Richard Silverstein<br>Potter Anderson & Corroon LLP | Bindu Ann George Palapura<br>Potter Anderson & Corroon LLP |
| Ryan M. Hubbard | Brent P. Ray | Nikhil Krishan |
| Kristina Hendricks | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| None | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030, -2031, -2032, -2033, -2035, -2036, -2037, -2038

**Short Case Caption** Wakefield v. Blackboard Inc.

**Filing Party/Entity** Kaltura, Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: /s/ Seth W. Lloyd

Name: Seth W. Lloyd

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Kaltura, Inc. | | The Goldman Sachs Group, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Young, Conaway, Stargatt & Taylor LLP | Anne Shea Gaza | Samantha G. Wilson |
| Morrison & Foerster LLP | Jennifer J. Schmidt, Christopher J. Weiner (both no longer w/ firm) | Madeleine E. Gully (no longer w/firm), Shaelyn K. Dawson |
| Morris, Nichols, Arsht & Tunnel LLP | Jennifer Ying | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030, 24-2031, 24-2032, 24-2033, 24-2035, 24-2036, 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc.

**Filing Party/Entity** Appellee-Defendant Meta Platforms, Inc. f/ka/ Facebook, Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: /s/ Heidi L. Keefe

Name: Heidi L. Keefe

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☑ None/Not Applicable |
| Meta Platforms, Inc. f/k/a Facebook, Inc. | None | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Cooley LLP | Cameron Vanderwall (former) | Sarah Moore (former) |
| Morris, Nichols, Arsht & Tunnell LLP | Karen Jacobs | Jennifer Ying |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| None | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030 (lead case); 20-2035

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc. et al.

**Filing Party/Entity** Microsoft Corporation, Defendant-Appellee

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/22/2024

Signature: /s/Joseph T. Jakubek

Name: Joseph T. Jakubek

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Microsoft Corporation | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Kelly E. Farnan | Richards Layton & Finger, PA | |
| John D. Vandenberg | Klarquist Sparkman LLP | |
| Joseph T. Jakubek | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

FORM 9. Certificate of Interest | Form 9 (p. 1) March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030, 24-2031, 24-2032, 24-2033, 24-2035, 24-2036, 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc.

**Filing Party/Entity** Ooyala, Inc., Defendant-Appellee

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: /s/ Richard G. Frenkel

Name: Richard G. Frenkel

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☑ None/Not Applicable |
| Ooyala, Inc. | Not applicable. | None |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Latham & Watkins LLP | Clara Wang | |
| Morris Nichols, Arsht & Tunnell LLP | Jack B. Blumenfeld | Jennifer Ying |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| None | | |
| | | |

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-2030, 24-2031, 24-2032, 24-2033, 24-2035, 24-2036, 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc.

**Filing Party/Entity** Appellee-Defendant Snap Inc.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/25/2024

Signature: /s/ Reuben H. Chen

Name: Reuben H. Chen

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Snap Inc. | None | Tencent Holdings Limited |
| | | T. Rowe Price Associates, Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Cooley LLP | Mark R. Weinstein | Lauren Strosnick |
| Morris Nichols, Arsht & Tunnell LLP | Jack B. Blumenfeld | Karen Jacobs |
| Benjamin S. Lin (former) | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| None | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2024-2030 (lead case); 2024-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard, Inc., et al.

**Filing Party/Entity** Trapelo Corp.

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/24/2024

Signature: /s/ Ricardo J. Bonilla

Name: Ricardo J. Bonilla

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br>☐ None/Not Applicable |
| Trapelo Corp. | None | Newsela Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Jeremy Douglas Anderson<br>Fish & Richardson P.C. | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

**Page**

I. STATEMENT OF RELATED CASES ....1
II. INTRODUCTION ....1
III. JURISDICTIONAL STATEMENT ....2
IV. COUNTERSTATEMENT OF THE ISSUES ....2
V. COUNTERSTATEMENT OF THE CASE ....3
A. District Court Proceedings: CoolTV Acknowledges but Raises No Arguments About Claims 15, 17, and 18. ....3
B. Federal Circuit Proceedings: CoolTV Fails to Raise Any Timely Arguments About Claims 15, 17, and 18. ....6
C. Wakefield's Attempts to Collaterally Attack the Judgment ....8
1. Wakefield's First Motion under Rule 60(b) ....9
2. Wakefield's Motion for Reargument ....10
VI. SUMMARY OF ARGUMENT ....12
VII. ARGUMENT ....14
A. Standard of Review ....14
B. The District Court Did Not Abuse its Discretion in Denying Wakefield's Motion for Relief Under Rule 60(b). ....15
C. The District Court Did Not Abuse its Discretion in Denying Wakefield's Motion for Reargument. ....23
VIII. CONCLUSION ....26

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Cases**

*Ackerman v. United States*,
340 U.S. 193 (1950)..........20

*Agostini v. Felton*,
521 U.S. 203 (1997)..........21

*Cox v. Horn*,
757 F.3d 113 (3d Cir. 2014) .......... 13, 15, 20, 21

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
C.A. No. 17-mc-151-LPS, 2021 WL 129803
(D. Del. Jan. 14, 2021)..........16

*Dyfan, LLC v. Target Corp.*,
28 F.4th 1360 (Fed. Cir. 2022) ..........9, 22

*Fiskars, Inc. v. Hunt Mfg. Co.*,
279 F.3d 1378 (Fed. Cir. 2002) ..........2, 15

*Kaavo Inc. v. Amazon.com Inc.*,
323 F. Supp. 3d 630 (D. Del. 2018) ..........21

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
797 F.3d 1025 (Fed. Cir. 2015) ..........15

*Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*,
714 F.3d 1289 (Fed. Cir. 2013) .......... 14, 15

*Marshall v. Bd. of Educ.*,
575 F.2d 417 (3d Cir. 1978) ..........16

*Martinez–McBean v. Gov't of V.I.*,
562 F.2d 908 (3d Cir. 1977) ..........20

*Moolenaar v. Gov't of V.I.*,
822 F.2d 1342 (3d Cir. 1987) .......... 12, 16, 17, 19

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Nguyen v. United States*,
539 U.S. 69 (2003)....................25

*Pickens v. CitiMortgage, Inc.*,
C.A. No. 16-311-GMS, 2017 WL 11553317
(D. Del. Mar. 3, 2017) ....................19

*Pridgen v. Shannon*,
380 F.3d 721 (3d Cir. 2004) ....................20

*Reed v. Pierce*,
No. 06-445-LPS, 2014 WL 3919656 (D. Del. Aug. 11, 2014) ....................20

*Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections*,
174 F.3d 305 (3d Cir. 1999) (en banc) ....................21

*Shelbyzyme, LLC v. Genzyme Corp.*,
No. 09–768–GMS, 2013 WL 3229964
(D. Del. June 25, 2013)....................24

*Schering Corp. v. Amgen, Inc.*,
25 F. Supp. 2d 293 (D. Del. 1998) .................... 24, 26

*SmithKline Beecham Corp. v. Apotex Corp.*,
439 F.3d 1312 (Fed. Cir. 2006) ....................8, 19

*United States v. Fiorelli*,
337 F.3d 282 (3d Cir. 2003) .................... 13, 16

*United Student Aid Funds, Inc. v. Espinosa*,
559 U.S. 260 (2010)....................15

*Wakefield v. Blackboard, Inc.*,
143 S. Ct. 2434 (2023)....................8

*Wakefield v. Blackboard, Inc.*,
143 S. Ct. 2684 (2023)....................8, 26

## TABLE OF AUTHORITIES
## (continued)


**Page(s)**

*Zeroclick, LLC v. Apple Inc.*,
891 F.3d 1003 (Fed. Cir. 2018) ....................22

**Statutes**

28 U.S.C.
§ 46(b) .................... 24, 26
§ 1295(a)(1) ....................2

35 U.S.C.
§ 112 ¶ 2 ....................3

**Other Authorities**

Fed. R. Civ. P.
60 .................... *passim*
72(b)(3) ....................6

Federal Circuit Rule
30(e)(1) ....................3
32(a)(3) ....................7
36 ....................8
47.4(a)(5) ....................1
47.5(b) ....................1

Delaware Civil Local Rule
7.1.5 .................... 11, 23

## I. STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rules 47.4(a)(5) and 47.5(b), counsel for Appellees are unaware of any other pending related cases.

## II. INTRODUCTION

The district court correctly rejected Wakefield's improper attempt to collaterally attack a final district court judgment entered in July 2021, and unanimously affirmed by this Court a year later, which found the claims of the '696 patent invalid based on indefiniteness. In late 2023, more than a year after this Court issued its decision and issued its mandate, Wakefield brought a motion to set aside the judgment under Federal Rule of Civil Procedure 60(b). His motion sought to undo the indefiniteness ruling affirmed by this Court by raising a legal argument that was known and that could have been raised years earlier in the district court, or argued during the subsequent appeal. The district court correctly denied that motion as untimely.

Wakefield then brought a second motion before the district court for reargument or clarification, arguing that his earlier motion under Rule 60(b) was timely. He argued that the lengthy delay in the filing of his Rule 60(b) motion was excused by fact that the Judicial Council issued an order in September 2023 suspending Judge Pauline Newman, one of the three judges

on the panel that unanimously affirmed the district court judgment in 2022. Wakefield baselessly argued that Judge Newman's suspension in September 2023 was an intervening event that made his Rule 60(b) motion timely. The district court correctly rejected this argument, as it furnished no basis to revisit denial of Wakefield's earlier Rule 60(b) motion, let alone a basis to disturb the July 2021 judgment. Because the district court did not abuse its discretion in refusing to entertain Wakefield's improper and untimely collateral attacks on the judgment, this Court should affirm.

## III. JURISDICTIONAL STATEMENT

This Court has subject matter jurisdiction over Wakefield's appeal. *See* 28 U.S.C. § 1295(a)(1); *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002).

## IV. COUNTERSTATEMENT OF THE ISSUES

1. Did the district court abuse its discretion in denying Wakefield's motion under Federal Rule of Civil Procedure 60(b) as untimely, considering that the judgment was entered in July 2021, affirmed by this Court a year later, and Wakefield's motion relied on an argument known to Wakefield throughout the prior proceedings?

2. Did the district court abuse its discretion in denying Wakefield's

motion for reargument of the order denying his motion under Rule 60(b)?

## V. COUNTERSTATEMENT OF THE CASE

### A. District Court Proceedings: CoolTV Acknowledges but Raises No Arguments About Claims 15, 17, and 18.

Between February 11, 2019 and March 19, 2019, CoolTVNetwork.com, Inc. ("CoolTV"), represented by counsel, filed several cases in the U.S. District Court for the District of Delaware accusing the appellees of infringing U.S. Patent No. 7,162,696 ("'696 patent"). Appellees denied infringement and asserted various defenses, including invalidity of the patent-in-suit.

On October 23, 2020, Judge Hall (at the time a magistrate judge) held a hearing on the parties claim construction disputes, and on November 6, 2020, issued a Report and Recommendation on claim construction. (SAppx695-734; SAppx37-63.)[2] Judge Hall recommended that claim 1 of the '696 patent be found invalid as indefinite under 35 U.S.C. § 112 ¶ 2 (pre-AIA), because it recited two means-plus-function limitations for which the specification failed

[2] Wakefield is an unrepresented individual who did not participate with Appellees in determining the contents of the appendix. The appendix filed by Wakefield does not contain all of the materials needed to decide this appeal, and contains a number of documents that are not relevant to the issues presented here. Appellees have accordingly filed an Appellees' Appendix pursuant to Federal Circuit Rule 30(e)(1). All citations to "SAppx" refer to Appellees' Appendix filed concurrently with this responsive brief.

to recite a corresponding structure and algorithm, *i.e.*, "means for performing" and "means for selecting and activating." (SAppx50-53.) With respect to independent claims 15, 17, and 18, the subject of Wakefield's present appeal, Judge Hall explained:

> Plaintiff's brief did not challenge Defendants' argument that the performing limitations in the other independent claims should rise and fall with the means for performing limitation in claim 1. Indeed, Plaintiff's brief suggested its agreement that those limitations be treated the same. Specifically, pages 28-29 of the joint brief sets forth Plaintiff's argument that the performing limitations are not indefinite "[f]or the same reasons" as the means for performing limitation.
>
> As I have concluded that "means for performing" in claim 1 is indefinite, I also therefore conclude that the "performing" phrases in claims 15, 17 and 18 are indefinite.

(SAppx51 (quoting SAppx641-642).)

Judge Hall made a similar ruling with respect to the "means for selecting and activating" recited in claim 1, finding it indefinite for failure to disclose a corresponding structure and algorithm. (SAppx628-630.) Judge Hall further observed, consistent with her observation for the "means for performing" claim limitation discussed above, that CoolTV had not directed any separate argument to claims 15, 17, or 18:

> Plaintiff has made no [separate] argument with respect to the corresponding "selecting and activating" limitations set forth in independent claims 15, 17, and 18. Indeed, in the briefing, the parties grouped the "means for selecting and activating" limitation in claim 1 and the "selecting and activating" limitations [in claims 15, 17, and 18]. Accordingly, I also conclude that the "selecting and activating" limitations in claims 15, 17, and 18 are indefinite.

(SAppx54 (alteration in original).) The Report and Recommendation warned the parties that "[t]he failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court." (SAppx63 (italics in original).)

On November 9, 2020, CoolTV filed objections to the Report and Recommendation, asking the district judge (Hon. Leonard Stark) to set aside Judge Hall's indefiniteness findings. (SAppx735-750.) CoolTV devoted several pages to arguing that claim 1 was not indefinite, <u>but never challenged Judge Hall's treatment of claims 15, 17, and 18 as standing or falling with claim 1</u>. (SAppx741-744.) CoolTV alluded in a footnote to "reserv[ing] its right to raise… on any appeal," the issue of "whether the construction of independent claims 15, 17, and 18 should have been considered similarly to the means-plus-function limitations of Claim 1." (SAppx740 n.1.) But CoolTV presented no substantive argument on this issue and did not otherwise mention claims 15,

17, or 18 in its objections. *See* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review by district court of only those parts "of the magistrate judge's disposition that ha[ve] been properly objected to.").

On May 20, 2021, the district judge issued an order overruling CoolTV's objections and adopting Judge Hall's Report and Recommendation. (SAppx64-72.) The district court's order did not mention any issues unique to claims 15, 17, and 18 – which was unsurprising considering that CoolTV did not make any separate arguments directed to those claims. On July 16, 2021, the district court entered final judgment against CoolTV based on invalidity of all claims of the '696 patent. (SAppx751-754.) CoolTV subsequently appealed to this Court.

### B. Federal Circuit Proceedings: CoolTV Fails to Raise Any Timely Arguments About Claims 15, 17, and 18.

On November 15, 2021, CoolTV filed its corrected opening brief in its first appeal before this Court, arguing that the district court erred in finding indefiniteness. (SAppx755-826.) CoolTV's challenge to the district court's indefiniteness conclusion focused exclusively on claim 1, with the sole mention of claims 15, 17, or 18 being a brief footnote in which CoolTV argued that it did not concede that these three claims recited means-plus-function claim limitations. (SAppx783 & n.3.) <u>CoolTV's opening brief presented no</u>

substantive arguments with respect to independent claims 15, 17, 18, and the brief listed only independent claim 1 in its listing of patent claims at issue claims pursuant to Federal Circuit Rule 32(a)(3). (SAppx756.)

On January 28, 2022, the appellees filed their responsive brief urging affirmance of the district court's judgment. (SAppx886-986.) With respect to claims 15, 17, and 18, Appellees argued that the district court properly treated them as standing or falling with claim 1. (SAppx971.) Appellees observed that "CoolTV never directly addressed this issue in its *Markman* briefing and instead argued that these independent claims should be treated the same way as claim 1, which CoolTV agreed was governed by § 112, ¶ 6." (SAppx971.) "To the extent CoolTV's undeveloped argument is not waived," Appellees argued, "claims 15, 17, and 18 are indefinite for the same reasons explained in Appellees' district court briefing and Magistrate Judge Hall's R&R." (SAppx971.)

CoolTV filed its reply brief on March 4, 2022, and in an attempt to backfill its underdeveloped argument about claims 15, 17, and 18, asserted that appellees had not met their burden of showing that these claims were governed by § 112, ¶ 6. (SAppx1018-1019.) But these arguments, made for the first time in CoolTV's reply brief, were untimely under this Court's precedents.

*See, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) ("Our law is well established that arguments not raised in the opening brief are waived.").

On July 5, 2022, this Court heard oral argument on the appeal, and two days later, summarily affirmed the district court judgment pursuant to Federal Circuit Rule 36. (SAppx1030-1032.)[3] On August 17, 2022, CoolTV filed a petition for rehearing and rehearing en banc. (SAppx1033-1056.) That petition did not raise any arguments directed to claims 15, 17, or 18. The Court denied that petition on September 30, 2022, and issued its mandate on October 7, 2022. (SAppx1078-1081.)[4]

### C. Wakefield's Attempts to Collaterally Attack the Judgment

As demonstrated above, the proceedings before the district court and the first appeal to this Court proceeded with full knowledge by CoolTV of the issue

---

[3] The district court's treatment of claims 15, 17, and 18 did not come up during the July 5, 2022 oral argument. (*See* SAppx1029, available at <https://cafc.uscourts.gov/07-05-2022-2021-2191-cooltvnetworkcom-inc-v-blackboard-inc-audio-uploaded/>)

[4] Wakefield filed a petition for writ of *certiorari* to the U.S. Supreme Court, which was denied on May 1, 2023. *See Wakefield v. Blackboard, Inc.*, 143 S. Ct. 2434 (2023). Wakefield then filed a petition for rehearing with the Supreme Court, which was denied on June 26, 2023. *See Wakefield v. Blackboard, Inc.*, 143 S. Ct. 2684 (2023); (SAppx1082, SAppx1083-1100, SAppx1125.)

of whether claims 15, 17, and 18 should be treated differently from claim 1. CoolTV had multiple opportunities to make this argument, as evidenced by its repeated and explicit acknowledgment of this issue in briefs filed both before the district court and this Court. Wakefield's opening brief provides no explanation as to why CoolTV failed to raise this argument.

Nevertheless, beginning in late 2023, Wakefield (proceeding *pro se* and on behalf of CoolTV) filed two motions with Judge Hall (who had since become a U.S. district judge), seeking to collaterally attack the final judgment and reopen the case. The district court properly denied both motions.

**1. Wakefield's First Motion under Rule 60(b)**

On November 21, 2023, more than a year after this Court issued its mandate, and more than two years after the district court judgment, Wakefield (proceeding *pro se*) filed a motion to set aside the judgment pursuant to Rule 60(b)(5) and (6). (SAppx1126-1155.) Wakefield based this motion primarily on the argument that the district court erred in treating claims 15, 17, and 18 in the same way as claim 1. He argued that these claims were not governed by § 112 ¶ 6 and thus should not have been found indefinite. (SAppx1135-1141.) Wakefield further argued that Rule 60(b)(5) and (6) relief was justified by an alleged change in intervening law arising from this Court's decision in *Dyfan,*

*LLC v. Target Corp.*, 28 F.4th 1360 (Fed. Cir. 2022), relating to treatment of means-plus-function claim limitations. (SAppx1141-1145.)

Appellees filed their opposition on December 5, 2023, arguing that the motion was untimely because, among other reasons, Wakefield's argument was not only available, but actually known, to CoolTV prior to entry of the original district court judgment in July 2021. (SAppx1220-1221.) Appellees noted that "Plaintiff acknowledged this precise issue [of whether claims 15, 17, and 18 should be treated differently from claim 1] during the claim construction proceedings before Judge Hall, and voluntarily elected not to pursue any argument that the claims should be treated differently." (SAppx1220.)

Appellees further argued that even if the motion was timely (which it was not), Wakefield had not shown an intervening change in law as the statements in *Dyfan* relied upon by Wakefield merely echoed earlier decisions by this Court that were decided years before the district court's original judgment. (SAppx1224-1225.) On January 25, 2024, Judge Hall denied Wakefield's motion "at least for the reason that it is untimely." (SAppx35.)

### 2. Wakefield's Motion for Reargument

On February 6, 2024, Wakefield filed a motion for reargument of the district court's denial of his Rule 60(b) motion, styled as a motion for

"clarification/reargument" under Delaware Civil Local Rule 7.1.5 (SAppx1232-1252.)[5] This second motion argued that Wakefield's earlier Rule 60(b) motion was not untimely because an intervening "Rule 60(b) event" occurred in September 20, 2023, when the Judicial Council issued an order suspending Judge Pauline Newman – one of the three Federal Circuit judges who presided over CoolTV's original appeal. (SAppx1242-1243, SAppx1246-1247.) Wakefield argued that Judge Newman's participation in the original appeal rendered the earlier judgment void and his motion timely, even though affirmance of the district court judgment was unanimous. (SAppx1247-1248.)

On May 20, 2024, the district court denied Wakefield's second motion, explaining:

> Local Rule 7.15 states that [m]otions for reargument shall be sparingly granted. The decision on a motion for reargument is within the district court's discretion and such motions are granted usually only under circumstances where the court has patently

---

[5] Local Rule 7.1.5(a) states, in relevant part, that "[m]otions for reargument shall be sparingly granted. If a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision …. The motion shall briefly and distinctly state the grounds there for." (*See* Rule 7.1.5, Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, available at <https://www.ded.uscourts.gov/sites/ded/files/local-rules/District%20of%20Delaware%20LOCAL%20RULES%202016.pdf>.)

> misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. Those circumstances are not present here. Accordingly, the Motion is DENIED.

(SAppx36.) This appeal followed.

## VI. SUMMARY OF ARGUMENT

Wakefield's appeal represents an improper and untimely attempt to collaterally attack a district court judgment entered more than three years ago, and affirmed by this Court more than two years ago, to relitigate claim construction issues and assert an argument that could have been raised before the district court or during the earlier appeal. The district court issued two orders rejecting Wakefield's attempts to reopen the case, and Wakefield has not shown an abuse of discretion with respect to either order.

First, the district court did not abuse its discretion in denying Wakefield's motion under Federal Rule of Civil Procedure 60(b) on the basis that the motion was untimely. Under Third Circuit law that applies here, a motion for relief from a judgment under Rule 60(b) is untimely when, as here, "the reason for the attack upon that judgment was available for attack upon the original judgment." *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987). Wakefield's motion relied on an argument that was known to – and

expressly acknowledged by – CoolTV at several points during the district court claim construction proceedings, *i.e.*, that the district court should have treated claims 15, 17, and 18 differently from claim 1 for indefiniteness purposes. CoolTV made a voluntary decision to make no specific arguments on this issue to the district court or in its opening brief before this Court. It was too late for Wakefield to attempt to raise these arguments for the first time in a motion under Rule 60(b), and in the present appeal.

Moreover, even if Wakefield could overcome the district court's amply-supported finding that the motion was untimely, Third Circuit law is clear that relief under Rule 60(b) is reserved only for "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (citation omitted). A motion under Rule 60(b) "may not be used as a substitute for an appeal," and "legal error, without more," does not warrant relief. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (citation omitted). Wakefield did not make any such showing and, as noted above, the arguments in his Rule 60(b) motion are based on an alleged legal error that could have been raised during the earlier appeal to this Court. Finally, even if Wakefield could overcome all of those problems, he has not shown any intervening change in decisional law that

impacted the outcome.

Second, there was no abuse of discretion in the district court's denial of Wakefield's motion for reargument of the denial of his Rule 60(b) motion. That motion relied on the groundless assertion that Judge Newman's suspension on September 20, 2023 – more than a year after the unanimous panel decision affirming the district court judgment – was an intervening event that not only cured the untimeliness of his Rule 60(b) motion, but also rendered the prior panel decision a nullity. Wakefield cites no authority for his suggestion that Judge Newman's judicial suspension retroactively invalidated a decision in which she participated more than a year earlier. The district court did not abuse its discretion in denying Wakefield's motion for reargument.

Wakefield's attempt to disturb the judgment and reopen this case years later is untimely, improper, and should be rejected. This Court should affirm.

## VII. ARGUMENT

### A. Standard of Review

"When reviewing a ruling under Rule 60(b)," this Court "generally defer[s] to the law of the regional circuit in which the district court sits, here the [Third] Circuit, because that rule is procedural in nature and not unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d

1289, 1292 (Fed. Cir. 2013). A ruling under Rule 60(b) is reviewed for abuse of discretion. *Id.* at 1293. Additionally, "[a] district court's application of its local rules is reviewed under the standard of abuse of discretion." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015). "An abuse of discretion exists 'when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law.'" *Lazare Kaplan*, 714 F.3d at 1293 (quoting *Fiskars*, 279 F.3d at 1382).

### B. The District Court Did Not Abuse its Discretion in Denying Wakefield's Motion for Relief Under Rule 60(b).

Third Circuit law is clear that relief under Rule 60(b)(6) is reserved only for "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 115 (citation omitted).[6]

---

[6] Wakefield's motion before the district court was unclear as to the specific subsection of Rule 60(b) upon which his arguments relied. Wakefield's opening brief cites to Rule 60(b)(4) through 60(b)(6), but only Rule 60(b)(6) could conceivably have applied. Rule 60(b)(4) is reserved for cases in which "the judgment is void," Fed. R. Civ. P. 60(b)(4), which "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). That did not occur here. Rule 60(b)(5) also does not apply; it authorizes a district court to relieve a party from a final judgment when "applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5).

A motion under Rule 60(b)(6) "may not be used as a substitute for an appeal," and "legal error, without more," does not warrant relief. *Fiorelli*, 337 F.3d at 288.

There is no fixed time limit for motions brought under Rule 60(b)(6), but the motion must be brought "within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). The Third Circuit has held that a motion for relief from a judgment is not brought within a reasonable time when, as here, "the reason for the attack upon that judgment was available for attack upon the original judgment." *Moolenaar*, 822 F.2d at 1348. For example, in *Moolenaar*, the plaintiffs brought a motion under Rule 60(b)(6) almost two years after entry of the district court's initial adverse judgment, and six weeks after the district court's

---

This rule does not apply here because "Rule 60(b)(5) permits modification of a judgment on equitable grounds, however, 'only if it is 'prospective,' or executory.'" *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, C.A. No. 17-mc-151-LPS, 2021 WL 129803, at *4 (D. Del. Jan. 14, 2021) (quoting *Marshall v. Bd. of Educ.*, 575 F.2d 417, 425 (3d Cir. 1978)). The rule is thus "restricted to forward-looking judgments, such as injunctions and consent decrees." *Crystallex*, 2021 WL 129803, at *4 (citation omitted). Because the district court judgment was neither void nor forward-looking, Rules 60(b)(4) and 60(b)(5) cannot apply. Rule 60(b)(1) through 60(b)(3) also cannot apply (and are not argued by Wakefield), as these provisions require the motion to be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In any case, as noted in the text, Wakefield's arguments were untimely regardless of the subsection of Rule 60(b) on which he relies.

judgment after remand. The Third Circuit held that relief under Rule 60(b)(6) was unwarranted because the basis of the motion was an argument plaintiffs could have made earlier:

> In the present case, [plaintiffs] brought their Rule 60(b)(6) motion almost two years after the district court's initial judgment. Although the motion was brought only six weeks after the district court's judgment on remand, the reason for the attack upon that judgment was available for attack upon the original judgment. Accordingly, in addition to concluding that this case does not present any extraordinary circumstances, we further conclude that [plaintiffs'] motion was "not made within a reasonable time."

*Id.* at 1348 (underlining added; citations omitted).

The facts here present a more egregious case of untimeliness than *Moolenaar* because the motion was brought (1) more than two years after entry of the district court judgment and (2) more than a year after issuance of the Federal Circuit's mandate affirming that judgment. The argument that underpinned Wakefield's motion under Rule 60(b) and the argument he presents here, *i.e.*, that the district court should have treated claims 15, 17, and 18 differently from claim 1 for purposes of § 112, ¶ 6, was not only "available for attack upon the original judgment," *Moolenaar*, 822 F.2d at 1348, but was actually known to CoolTV before entry of the district court judgment in July

2021. As explained in **Parts V.A** and **V.B** above, CoolTV expressly acknowledged this issue during the claim construction proceedings before the district court, yet elected not to pursue any argument that claims 15, 17, and 18 should be treated differently from claim 1 for purposes of indefiniteness. The district court's Report and Recommendation, in fact, expressly noted that CoolTV itself had treated claims 15, 17, and 18 as rising or falling based on the arguments for claim 1. (SAppx51 ("Plaintiff's brief did not challenge Defendants' argument that the performing limitations in the other independent claims should rise and fall with the means for performing limitation in claim 1. Indeed, Plaintiff's brief suggested its agreement that those limitations be treated the same.").) CoolTV's subsequent objections to the district judge on the Report and Recommendation did not challenge treatment of claims 15, 17, and 18 as rising or falling with claim 1; to the contrary, CoolTV asserted in a footnote that it reserved its right to appeal other arguments that were not specifically presented in its objections, including "whether the construction of independent claims 15, 17 and 18 should have been considered similarly to the means-plus-function limitations in Claim 1." (SAppx740 n.1.) But the substantive arguments in CoolTV's objections focused exclusively on claim 1. (SAppx741-745.)

And despite CoolTV's purported reservation of rights to appeal whether claims 15, 17, and 18 should have been treated similarly to claim 1, CoolTV never raised this issue in its opening brief to this Court on its first appeal, again focusing exclusively on claim 1. CoolTV briefly mentioned this issue in a footnote in its opening appeal brief before this Court, merely observing that the district court had treated the claims together but without presenting any developed argument challenging the district court's approach. (SAppx783 n.3); *see also SmithKline Beecham Corp.*, 439 F.3d at 1319 ("Our law is well established that arguments not raised in the opening brief are waived."). This record therefore conclusively establishes that Wakefield's argument under Rule 60(b) was "available for attack upon the original judgment," *Moolenaar*, 822 F.2d at 1348, rendering his motion untimely.

Rule 60(b) cannot justify relieving CoolTV and Wakefield of their voluntary decisions to make other arguments rather than the belated argument Wakefield raised in his untimely Rule 60(b) motion. *See Pickens v. CitiMortgage, Inc.*, C.A. No. 16-311-GMS, 2017 WL 11553317, at *2 (D. Del. Mar. 3, 2017) ("Rule 60 does not provide [plaintiff] a second bite at the apple."). CoolTV repeatedly acknowledged, and yet repeatedly chose not to pursue, the argument that claims 15, 17, and 18 should be treated differently

from claim 1 for purposes of indefiniteness. Wakefield's current argument—first raised more than a year after the Federal Circuit's mandate—is thus untimely. *See Reed v. Pierce*, No. 06-445-LPS, 2014 WL 3919656, at *1 (D. Del. Aug. 11, 2014) ("As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." (citing *Ackerman v. United States*, 340 U.S. 193, 202 (1950))). The district court did not abuse its discretion in finding Wakefield's Rule 60(b) motion untimely.

Even if Wakefield's Rule 60(b) had been timely, it still would fail because Wakefield failed to present the "extraordinary circumstances" required for relief under that rule. *Cox*, 757 F.3d at 115 (citation omitted). The Third Circuit has made clear that alleged legal error, standing alone, does not justify relief under Rule 60(b)(6) because it could have been addressed on appeal. *See Pridgen v. Shannon*, 380 F.3d 721, 728 (3d Cir. 2004) ("[L]egal error does not by itself warrant the application of Rule 60(b)…. Since legal error can usually be corrected on appeal, that factor without more does not justify the granting of relief under Rule 60(b)(6)." (quoting *Martinez–McBean v. Gov't of V.I.*, 562 F.2d 908, 912 (3d Cir. 1977)) (alteration in *Pridgen*)). Wakefield's argument that claims 15, 17, and 18 should have been treated differently from claim 1 for

purposes of indefiniteness is, at best, a belated argument about alleged legal error that could have been addressed during district court claim construction proceedings and, if that failed, in CoolTV's first appeal to this Court.

Nor is there any basis for Wakefield's suggestion that relief under Rule 60(b) was justified by an intervening change in controlling law on the treatment of means-plus-function claim limitations. In the Third Circuit, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections*, 174 F.3d 305, 311 (3d Cir. 1999) (en banc) (quoting *Agostini v. Felton*, 521 U.S. 203, 239 (1997)) (alteration in *Reform Party of Allegheny Cnty.*); *see also Kaavo Inc. v. Amazon.com Inc.*, 323 F. Supp. 3d 630, 637-38 (D. Del. 2018) ("[I]ntervening changes in the law rarely justify relief from final judgments under 60(b)(6)" (quoting *Cox*, 757 F.3d at 121) (alteration in *Kaavo*)). In order for an intervening change in decisional law to warrant Rule 60(b) relief, the Third Circuit requires the movant to establish that "without such relief, an extreme and unexpected hardship would occur." *Cox*, 757 F.3d at 120. Wakefield made no such showing.

Finally, even if Wakefield had shown extreme and unexpected hardship,

he has not even shown an intervening change in decisional law. Wakefield argues that this Court's decision in *Dyfan, LLC v. Target Corp.*, 28 F.4th 1360 (Fed. Cir. 2022) represented an intervening "clarification" of the law on how § 112, ¶ 6 applies to claim limitations that do not expressly recite "means." (Blue Br. at 3-4, 16-17, 21-22, 24-25.)

But this decision did not change the law in this area. The portions of *Dyfan* cited by Wakefield merely applied this Court's existing precedent in *Zeroclick, LLC v. Apple Inc.*, 891 F.3d 1003 (Fed. Cir. 2018), decided more than three years before entry of the original judgment in this case. *See Dyfan*, 28 F.4th at 1368 ("The district court also erred by not following our court's recent decision in *Zeroclick*."). *Dyfan* was also decided on March 24, 2022 – months before the oral argument and decision in CoolTV's first appeal.

Wakefield's claim of an intervening change in law is further undermined by the fact that his petition for rehearing filed in August 2022 – months after *Dyfan* was decided – did not cite these cases. (SAppx1033-1056.) If Wakefield believed that *Dyfan* changed the law in a way that would have impacted the outcome of the earlier appeal, he would have raised that argument in the rehearing petition filed several months after those decisions issued.

### C. The District Court Did Not Abuse its Discretion in Denying Wakefield's Motion for Reargument.

As explained in **Part V.C.2**, after the district court denied his motion under Rule 60(b), Wakefield brought a motion for reargument. That motion argued that an intervening "Rule 60(b) event," which took place after completion of the first Federal Circuit appeal, made his Rule 60(b) motion timely, *i.e.*, the Judicial Council's order suspending Judge Newman, one of the three Federal Circuit judges who presided over CoolTV's appeal. (SAppx1242-1243, SAppx1246-1247.) Wakefield argued that the Judicial Council's order suspending Judge Newman was an intervening event that rendered his Rule 60(b) motion timely. (SAppx1247-1248.) The district court did not abuse its discretion in finding that Wakefield had failed to provide a sufficient basis for reargument.

In the District of Delaware, a motion for reargument is appropriate "only where the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Shelbyzyme, LLC v. Genzyme Corp.*, No. 09–768–GMS, 2013 WL 3229964, at *2 (D. Del. June 25, 2013) (internal quotation marks and citations omitted). "A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument can never

be allowed to encourage 'a never ending polemic between litigants and the Court.'" *Id.* (quoting *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998)).

The district court did not abuse its discretion in finding that Wakefield failed to provide a basis for reargument under the Delaware Local Rules. Wakefield argues that Judge Newman's participation in the prior panel decision "displaced the equilibrium and dynamics of his prior appellate panel, causing a defect in the integrity of the proceeding which caused the Federal Circuit to affirm the district court's ruling[.]" (Blue Br. at 3.) Wakefield offers no evidence to support this proposition, nor cites any authority to support his suggestion that Judge Newman's suspension retroactively invalidated prior decisions in which she participated. Wakefield relies on 28 U.S.C. § 46(b), but that statute merely requires that an appeal be heard by a properly constituted panel of three Article III judges – which indisputably occurred in this case.

Judge Newman's later disqualification does not change the fact that she was an active Article III judge of this Court at the time the first appeal was decided. And contrary to Wakefield's suggestion, the Judicial Council did not suspend Judge Newman because she was found to be unfit and/or suffering from a judicial disability, but because she had failed to comply with a previous

order for medical examinations, medical records and an interview. (*See* SAppx146-148.) Wakefield does not show that any potential disability on Judge Newman's part existed at the time CoolTV's first appeal was decided, or for that matter, how any such disability could have affected the outcome or the views of the other two judges on the panel. In any case, the Supreme Court has held that "two judges of a three-judge panel constitute a quorum legally able to transact business," and "settled law permits a quorum to proceed to judgment <u>when one member of the panel dies or is disqualified</u>." *Nguyen v. United States*, 539 U.S. 69, 82 (2003) (emphasis added). The decision in the first appeal was unanimous, so even if there were a basis for Wakefield's suggestion that Judge Newman was somehow retroactively disqualified, two other judges on that panel also signed onto the decision affirming the district court's July 2021 judgment.

Finally, the district court properly denied Wakefield's motion for reargument because his argument about Judge Newman was <u>actually known</u> to him several months before he filed his Rule 60(b) motion. In the District of Delaware, "a motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters *not previously*

*obtainable* have been discovered since the issue was submitted to the Court[.]'" *Schering Corp.*, 25 F. Supp. 2d at 295 (italics in *Schering*; citation omitted).

In May 2023 – almost six months before he filed his Rule 60(b) motion before the district court – Wakefield filed a petition for rehearing before the U.S. Supreme Court following its denial of his petition for *certiorari* in the first appeal. Wakefield urged reversal based on the theory that CoolTV's appeal was not heard by a properly-constituted panel of Article III judges as required by 28 U.S.C. § 46(b) because of the involvement of Judge Newman. (SAppx1083-1100.) The Supreme Court denied that petition on June 26, 2023. *See Wakefield*, 143 S. Ct. at 2684. Wakefield's motion under Rule 60(b), filed several months later, made no mention of Judge Newman notwithstanding that he was indisputably aware of the issue. This provides another basis to affirm the district court's denial of reargument.

## VIII. CONCLUSION

The decisions of the district court should be affirmed.

Dated: October 25, 2024

Respectfully submitted,

*/s/ Heidi L. Keefe*
Heidi L. Keefe
Attorneys for Meta Platforms, Inc.

*/s/ Michael S. Nadel*
Michael S. Nadel
Attorneys for Blackboard Inc.

*/s/ Bryan S. Hales*
Bryan S. Hales
Attorneys for Appellee
International Business Machines
Corp

*/s/ Seth W. Lloyd (with permission)*
*Seth W. Lloyd*
*Attorneys for Kaltura, Inc.*

*/s/ Joseph J. Jakubek*
Joseph J. Jakubek
Attorneys for Microsoft Corporation

*/s/ Richard G. Frenkel*
Richard G. Frenkel
Attorneys for Ooyala, Inc.

*/s/ Reuben H. Chen*
Reuben H. Chen
Attorneys for Snap Inc.

*/s/ Ricardo J. Bonilla*
Richardo J. Bonilla
Attorneys for Trapelo Corp.

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) and Fed. Cir. R. 32(b):

X The brief contains 5,743 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fed. Cir. R. 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6):

X The brief has been prepared in a proportionally spaced typeface using MS Word 2013 in a 14 point Times New Roman font.

Dated: October 25, 2024

*/s/ Heidi L. Keefe*
Heidi L. Keefe
Attorneys for Meta Platforms, Inc.

## CERTIFICATE OF CONSENT

Pursuant to Fed. Cir. R. 32(g)(3)(B), I hereby attest that counsel for Appellees Blackboard Inc., International Business Machines Corp, Kaltura, Inc., Microsoft Corporation, Ooyala, Inc., Snap Inc., and Trapelo Corp. have consented in the filing of this document.

*/s/ Heidi L. Keefe*
Heidi L. Keefe
Attorneys for Meta Platforms, Inc.

FORM 30. Certificate of Service

Form 30
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF SERVICE

**Case Number** 24-2030, 24-2031, 24-2032, 24-2033, 24-2035, 24-2036 24-2037, 24-2038

**Short Case Caption** CoolTVNetwork.com, Inc. v. Blackboard Inc.

**NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on 10/25/2024

by ☐ U.S. Mail ☐ Hand Delivery ☑ Email ☐ Facsimile
☐ Other: ______________________

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Franz A. Wakefield | D\|B\|A Cooltvnetwork.Com, Inc. 4 West Las Olas Boulevard, Suite 1206, Fort Lauderdale, Florida 33301, franzwakefield@cooltvnetwork.com |
| | |
| | |
| | |
| | |

☐ Additional pages attached.

Date: 10/25/2024

Signature: /s/ Heidi L. Keefe

Name: Heidi L. Keefe