NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANZ A. WAKEFIELD, DBA COOLTVNETWORK.COM, INC.,**
*Plaintiff-Appellant*

**v.**

**BLACKBOARD INC., META PLATFORMS, INC., FKA FACEBOOK, INC., INTERNATIONAL BUSINESS MACHINES CORPORATION, KALTURA, INC., MICROSOFT CORPORATION, OOYALA, INC.,SNAP INC., TRAPELO CORP.,**
*Defendants-Appellees*

---

2024-2030, 2024-2031, 2024-2032, 2024-2033, 2024-2035, 2024-2036, 2024-2037, 2024-2038

---

Appeals from the United States District Court for the District of Delaware in Nos. 1:19-cv-00291-JLH, 1:19-cv-00292-JLH, 1:19-cv-00293-JLH, 1:19-cv-00294-JLH, 1:19-cv-00296-JLH, 1:19-cv-00297-JLH, 1:19-cv-00534-JLH, 1:19-cv-00535-JLH, Judge Jennifer L. Hall.

---

Decided: April 23, 2025

---

FRANZ A. WAKEFIELD, Fort Lauderdale, FL, pro se.

MICHAEL S. NADEL, McDermott Will & Emery LLP, Washington, DC, for defendant-appellee Blackboard Inc.

BRYAN SCOTT HALES, Kirkland & Ellis LLP, Chicago, IL, for defendant-appellee International Business Machines Corporation.

SETH W. LLOYD, Morrison & Foerster LLP, Washington, DC, for defendant-appellee Kaltura, Inc. Also represented by KYLE W.K. MOONEY, New York, NY.

JOHN D. VANDENBERG, Klarquist Sparkman, LLP, Portland, OR, for defendant-appellee Microsoft Corporation. Also represented by JOSEPH THOMAS JAKUBEK.

RICHARD GREGORY FRENKEL, Latham & Watkins LLP, Menlo Park, CA, for defendant-appellee Ooyala, Inc.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, for defendants-appellees Snap Inc., Meta Platforms, Inc. Snap Inc. also represented by Reuben H. Chen. Meta Platforms, Inc. also represented by PHILLIP EDWARD MORTON, Washington, DC.

RICARDO BONILLA, Fish & Richardson P.C., Dallas, TX, for defendant-appellee Trapelo Corp. Also represented by NEIL J. MCNABNAY, LANCE E. WYATT, JR.

---

Before LOURIE, DYK, and CHEN, *Circuit Judges*.

PER CURIAM.

In 2022, this court affirmed the judgment of the United States District Court for the District of Delaware holding invalid all claims of U.S. Patent No. 7,162,696 ('696 patent). *See CoolTVNetwork.com, Inc. v. Blackboard, Inc.*, No. 2021-2191, 2022 WL 2525330 (Fed. Cir. July 7, 2022) (per curiam). More than a year later, the named inventor

of the ’696 patent, Franz A. Wakefield, doing business as CoolTVNetwork.com, Inc. (CoolTV),[1] filed a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). The district court denied Mr. Wakefield’s motion as untimely and additionally denied Mr. Wakefield’s subsequent motion for reargument. SAppx 461.[2] Because the district court did not abuse its discretion, we *affirm*.

## BACKGROUND

In 2019, CoolTV sued Blackboard Inc., Meta Platforms, Inc., International Business Machines Corporation, Kaltura, Inc., Microsoft Corporation, Ooyala, Inc., Snap Inc., and Trapelo Corp. (Appellees) in the District of Delaware for infringement of the ’696 patent. Following a claim construction hearing, the magistrate judge concluded in a report and recommendation that certain means-plus-function limitations of independent claim 1 of the ’696 patent are indefinite. *See* SAppx 46–54. The magistrate judge also concluded that similar limitations of independent claims 15 and 17–18 are indefinite based on CoolTV failing to make separate arguments with respect to those limitations and failing to challenge Appellees’ argument that those limitations should be treated the same as and rise and fall with the means-plus-function limitations of claim 1. SAppx 51, 54.

CoolTV filed objections to the magistrate judge’s report and recommendation. CoolTV objected to holding the means-plus-function limitations of claim 1 indefinite and,

---

[1] CoolTV, the plaintiff-appellant in the first appeal, was then represented by counsel. Mr. Wakefield now proceeds pro se as the sole proprietor of CoolTV. *See* ECF No. 11.

[2] “SAppx” refers to the supplemental appendix filed by Appellees.

in a footnote, reserved the right to raise on appeal whether the construction of claims 15 and 17–18 "should have been considered similarly to the means-plus-function limitations in Claim 1." SAppx 735–50, 740 n.1. The district judge overruled CoolTV's objections and adopted the recommended constructions. Accordingly, the district court entered final judgment of invalidity on July 16, 2021. SAppx 754.

CoolTV appealed to this court. In its opening brief, like it did before the district court, CoolTV focused on claim 1 and made no separate arguments with respect to claims 15 and 17–18, save for a footnote observing that the district court treated claims 15 and 17–18 as means-plus-function claims. SAppx 783 n.3; *see generally id.* at 755–826. Following oral argument, a unanimous panel of this court, consisting of Judge Newman, Judge Linn, and Judge Chen, affirmed pursuant to Federal Circuit Rule 36. *See CoolTVNetwork.com*, 2022 WL 2525330. Our mandate issued on October 7, 2022.

In February 2023, Mr. Wakefield (then proceeding pro se) filed an ultimately unsuccessful petition for a writ of certiorari with the Supreme Court. Thereafter, on March 24, 2023, the Chief Judge of this court identified a judicial complaint against Judge Newman under the Judicial Conduct and Disability Act based on probable cause that Judge Newman had committed misconduct and/or suffered from a mental or physical disability. A Special Committee was appointed to investigate. In May 2023, Mr. Wakefield filed a petition for rehearing of the denial of certiorari, based on the recently announced complaint and investigation against Judge Newman. Mr. Wakefield generally argued that Judge Newman's inclusion on the panel of this court that affirmed the invalidity of the '696 patent deprived him of a fair hearing and his right to due process. *See* SAppx 1089. The Supreme Court denied Mr. Wakefield's petition for rehearing on June 26, 2023.

On September 20, 2023, the Judicial Council of this court issued an order suspending Judge Newman based on misconduct for refusing to comply with an earlier order of the Special Committee. Approximately two months later, on November 21, 2023, Mr. Wakefield filed a motion with the district court to set aside the judgment under Rule 60(b)(5) and (6). SAppx 1126–55. Mr. Wakefield's motion primarily argued that the district court should have treated claims 15 and 17–18 differently from claim 1. *See, e.g.*, *id.* at 1136–37. The motion concluded with a brief argument concerning Judge Newman that echoed Mr. Wakefield's rehearing petition at the Supreme Court. *See id.* at 1151–52.

The district court denied Mr. Wakefield's motion in an oral order "at least for the reason that it is untimely." SAppx 461. Mr. Wakefield then filed a "Motion for Clarification/Reargument" under the District of Delaware's Local Rule 7.1.5,[3] arguing that his Rule 60(b) motion was not untimely. SAppx 1232–52. The district court denied that motion by another oral order. SAppx 461.

Mr. Wakefield appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

STANDARD OF REVIEW

In the context of Rule 60(b), we have explained that "our general practice is to apply the law of the regional circuit. Because rulings under Rule 60(b) commonly involve procedural matters unrelated to patent law issues as such, we often defer to the law of the regional circuit in reviewing such rulings." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002) (citation omitted); *see also Cardpool, Inc. v. Plastic Jungle, Inc.*, 817 F.3d 1316, 1321 (Fed. Cir. 2016); *O2 Micro Int'l Ltd. v. Monolithic Power*

---

[3] Rule 7.1.5 permits motions for reargument to be filed within 14 days of a decision. *See* D. Del. LR 7.1.5.

*Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). The timeliness of Mr. Wakefield's motion is not unique to patent law. *See Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1368–69 (Fed. Cir. 1999). We thus apply Third Circuit law.

The Third Circuit "review[s] grants or denials of relief under Rule 60(b), aside from those raised under Rule 60(b)(4),[4] under an abuse of discretion standard." *Sovereign Bank v. REMI Cap., Inc*, 49 F.4th 360, 364 (3d Cir. 2022) (citation omitted). The Third Circuit also reviews a denial of a motion for reargument, and the district court's application of its own local rules, for an abuse of discretion. *See Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 199 n.4 (3d Cir. 2006); *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018). "A district court abuses its discretion when it bases its decision upon a clearly erroneous finding of fact, an erroneous conclusion of law, or an improper application of law to fact." *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014).

## DISCUSSION

Rule 60(b) permits a court, "[o]n motion and just terms," to relieve a party from a final judgment for five specified reasons or, under Rule 60(b)(6), for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(c)(1) provides the time in which a Rule 60(b) motion must be made: "A motion under Rule 60(b) must be made within *a reasonable time*—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or

---

[4] Mr. Wakefield cites to Rule 60(b)(4) in his motion for reargument and on appeal, but his Rule 60(b) motion was based on only 60(b)(5) and (6). *See, e.g.*, SAppx 1135; *cf. United States v. Franz*, 772 F.3d 134, 150 (3d Cir. 2014) ("[R]aising an argument for the first time in a motion for reconsideration results in waiver of that argument for purposes of appeal.").

order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1) (emphasis added). Mr. Wakefield's motion, filed under Rule 60(b)(5) and (6), is not subject to the one-year limitation.

"[W]hat is a reasonable time must depend to a large extent upon the particular circumstances alleged." *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 255 (3d Cir. 1986) (citation omitted). A Rule 60(b) motion is not made within a reasonable time when "the reason for the attack . . . was available for attack upon the original judgment." *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987); *see also Kemp v. United States*, 596 U.S. 528, 538 (2022) (declining to define Rule 60's "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b) motions alleging errors that should have been raised in a timely appeal).

Mr. Wakefield filed his Rule 60(b) motion more than two years after the district court's final judgment and more than one year after our mandate affirming that judgment. The thrust of that motion, and of Mr. Wakefield's arguments on appeal, is that claims 15 and 17–18 should have been evaluated for validity separately from claim 1, rather than treated as means-plus-function claims along with claim 1. In other words, Mr. Wakefield seeks to relitigate the validity of claims 15 and 17–18 based on arguments that could have been raised in the original appeal of the district court's judgment. Rather than develop such an argument, CoolTV's opening brief in the first appeal merely made a passing reference to it in a footnote. *See* SAppx 783 n.3. Mr. Wakefield argues that intervening precedent renders his motion timely, citing *Dyfan, LLC v. Target Corp.*, 28 F.4th 1360 (Fed. Cir. 2022). But, without addressing whether *Dyfan* has any import on the merits of Mr. Wakefield's arguments, *Dyfan* was decided by this court in March 2022, during the pendency of and prior to oral argument in the first appeal. "Rule 60(b) is not a substitute for appeal." *Moolenaar*, 822 F.2d at 1347. Under these

circumstances, the district court did not abuse its discretion in finding that Mr. Wakefield's motion was not made within a reasonable time. *See, e.g.*, *id.* at 1348 (concluding that a Rule 60(b) motion was not made within a reasonable time where brought almost two years after the district court's initial judgment and "the reason for the attack upon that judgment was available for attack upon the original judgment").[5]

The facts presented in this case are quite similar to those in *Odyssey Logistics & Technology Corp. v. Stewart*, 130 F.4th 973 (Fed. Cir. 2025). There, a patent applicant waited more than one year after the issuance of our mandate affirming the Patent Trial and Appeal Board's denial of a patent application in filing a request for review by the Director of the United States Patent and Trademark Office based on the Supreme Court's decision in *United States v. Arthrex, Inc.*, 594 U.S. 1 (2021). *See Odyssey*, 130 F.4th at 976–77. Analogizing the Patent Office's discretion in denying review to the Rule 60(b) context, we affirmed the denial of review because the party "had notice of the . . . issue . . . and made no effort to present this argument" until a substantial amount of time had passed. *Id.* at 978–79.

Mr. Wakefield's motion also briefly argued that he did not receive a fair hearing during his first appeal, in violation of his right to due process, because of Judge Newman's

---

[5] Mr. Wakefield appears to argue to us that claim 1 of the '696 patent was also erroneously invalidated. *See, e.g.*, Appellant's Br. 13–14, 46. This argument, not raised to the district court in the Rule 60(b) motion, is forfeited. *See Simko v. U.S. Steel Corp.*, 992 F.3d 198, 205 (3d Cir. 2021). Even if that argument had not been forfeited, the district court would not have abused its discretion in deeming the argument untimely for the same reason as with respect to claims 15 and 17–18: Mr. Wakefield may not use Rule 60(b) as a substitute for appeal.

inclusion on the panel that decided that appeal. *See* SAppx 1151–52.[6] Although the motion cited to the Judicial Council's September 2023 order suspending Judge Newman, Mr. Wakefield first pressed this same theory for relief in his May 2023 rehearing petition to the Supreme Court, following the March 2023 order that announced the complaint against Judge Newman. Yet Mr. Wakefield waited approximately eight months following the March 2023 order and approximately six months following the rehearing petition to file his Rule 60(b) motion. Given the "overriding interest in the finality and repose of judgments," *Martinez-McBean v. Gov't of Virgin Islands*, 562 F.2d 908, 913 (3d Cir. 1977) (citation omitted), and considering the very brief treatment that Mr. Wakefield's motion afforded this argument to attack a then-28-month-old judgment, we cannot say that the district court abused its discretion in also deeming this portion of Mr. Wakefield's motion not made within a reasonable time. *See also, e.g.*, *Moolenaar*, 822 F.2d at 1347 ("Reopening the case many years later . . . totally disregards the important principle that litigation must finally end . . . ."); *Harrison v. Harrison*, No. 22-3361, 2023 WL 7017695, at *2 (3d Cir. Oct. 25, 2023) (per curiam) (holding that a Rule 60(b) motion was not made within a reasonable time where it was filed almost one year after the judgment and "was filed several months after the date of the latest 'new evidence' on which [the motion was] based").

---

[6] This court must call attention to what is, at best, a careless misrepresentation in Appellees' response brief. Appellees assert that Mr. Wakefield's Rule 60(b) motion "made no mention of Judge Newman." Appellees' Br. 26. This is simply untrue, as even a basic computer word search of the motion would reveal. *See* SAppx 1134, 1151–52; *see also* SAppx 1225 n.7 (Appellees' opposition to Mr. Wakefield's motion acknowledging that the motion made this very argument).

The district court also denied Mr. Wakefield's motion for reargument. The court's local rules specify that such motions "shall be sparingly granted." D. Del. LR 7.1.5. "[R]eargument may be appropriate where 'the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.'" *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)). The district court found that none of those circumstances were present. *See* SAppx 461. Mr. Wakefield identifies no reason why the district abused its discretion in denying that motion and nor do we see any.

CONCLUSION

We have considered Mr. Wakefield's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the district court's orders denying Mr. Wakefield's Rule 60(b) motion and denying reargument.

**AFFIRMED**

COSTS

No costs.